STATE, MARCUS FLEISCHAUER, PROSECUTOR, v. THE IN-HABITANTS OF THE TOWNSHIP OF WEST HOBOKEN AND ERNEST PEIGNE.

1. Where a municipal corporation has undertaken to sell real estate for taxes, the sale will be set aside unless all legal conditions precedent appear to have been performed.
2. An assessment for taxes will not be vacated merely because only one of two tenants in common was named as owner.

On *certiorari.* In matter of taxation.

Argued at November Term, 1877, before Justices SCUD-DER, DIXON and REED.

For the prosecutor, *I. W. Scudder.*

The opinion of the court was delivered by

DIXON, J. This cause was moved at the February Term, 1877, but the court then refrained from deciding it, because it appeared that the title, which is attacked, was owned by one Columbus, who had not been made a party to the pro-

ceedings. See 10 *Vroom* 421. It is now shown that before suit brought, Columbus had re-conveyed to Ernest Peigne, whose rights in the premises had been subjected to our jurisdiction by service of the writ of *certiorari* upon him as a defendant, and the cause is consequently ripe for decision.

The writs bring up a sale of lots 53, 54, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, and three gores, made by the township of West Hoboken, on March 10th, 1869, for the tax of 1868, and also another such sale of the same premises, differently described, made on December 1st, 1871, for the tax of 1870. In both cases, R. T. Bene was the purchaser, and he, on January 9th, 1873, conveyed to Ernest Peigne, who, on January 10th, 1873, conveyed to Lifria I. Columbus, who, on March 21st, 1874, re-conveyed to Ernest Peigne.

The statute from which the first sale must derive its legality, if it be legal, is the seventh section of the "Supplement to an act entitled 'An act to divide the township of North Bergen, in the county of Hudson,' passed," &c. *Pamph. L.*, 1868, *p.* 595. This section provides that if the full amount of any tax shall not be paid and satisfied within the time limited and appointed by the township committee for the payment thereof, it shall be lawful for the township committee to cause the lands taxed to be sold, &c.. Under the rule laid down in *Carron* v. *Martin*, 2 *Dutcher* 594, that municipal corporations, especially when they attempt to divest and transfer the title to real estate, must be kept strictly within the limits assigned them by the statutes, and must show that the very case has arisen in which they were authorized to proceed, the designation by the township committee of a certain time within which the tax must be paid, was a condition precedent to the right to sell under this act. No such designation was in fact made. The declaration of sale recites that the tax was not paid within the time limited and appointed for the payment thereof, but the recitals in the declaration are, by the statute, made evidence of only the assessment, advertisement and sale; and the proofs in the cause show that the only action of the committee was a reso-

lution on December 28th, 1868, " that all lands in arrear for taxes of 1868 be advertised and sold for said arrears—sale of the same to take place on the 10th day of March next, and that the clerk be instructed to advertise and sell the same according to law." For this defect, therefore, this sale must be set aside.

In support of the second sale, nothing appears except a resolution of the committee passed September 2d, 1871, that the clerk be instructed to give the order to Mr. Anderson to proceed and sell all property in arrears for taxes. What was done between that and the sale on December 1st, 1871, is nowhere shown. At this time, the seventeenth section of a further supplement to the same act, (*Pamph. L.*, 1871, *p.* 1429,) embodied the township's authority to sell land for taxes. Because of want of compliance with its directions, the second sale must likewise be set aside.

The reasons urged against the assessments themselves ought not, I think, to prevail. The first, that the assessment was made in the name of only one of two tenants in common, is cured by the seventh section of the act of March 17th, 1854, (*Pamph. L., p.* 429 ; *Rev., p.* 1163); and the second reason, that the descriptions were unintelligible, is not true in fact.

Let the sales be set aside and the taxes affirmed.